# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

IAN WOODS,

    Plaintiff,

vs.

BRIAN WILLIAMS, SR., et al.,

    Defendants.

Case No. 2:09-CV-02229-RLH-(PAL)

**ORDER**

        Plaintiff has submitted a financial affidavit (#4).  The court finds that he is unable to pre-pay the filing fee.

        The court has reviewed the complaint and finds that this action must be dismissed. Pursuant to the Prison Litigation Reform Act of 1995 (PLRA), federal courts must dismiss the claim of a plaintiff proceeding <u>in forma pauperis</u>, if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law.  <u>North Star Intern. v. Arizona Corp. Comm'n</u>, 720 F.2d 578, 580 (9th Cir. 1983).  In considering whether plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff.  <u>Russell v. Landrieu</u>, 621 F.2d 1037, 1039 (9th Cir. 1980).  Allegations of a pro se complainant are held to less

stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

Plaintiff alleges that he participated in a prison program called Oasis. He had some difficulty with prison officials who oversaw the program, and they removed him from it. Plaintiff claims that the removal from the program and related disciplinary charges were in retaliation for his filing a grievance against defendant Wallace, a caseworker in the program. Plaintiff claims that he lost 317 days of credit toward an earlier discharge from his sentence because of these actions.

The court cannot grant plaintiff the relief that he seeks, for two reasons. First, restoration of credits is not an available remedy in a civil action pursuant to 42 U.S.C. § 1983. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Second, plaintiff has already been discharged from custody. Even if plaintiff did file a habeas corpus petition, any relief that the court could grant would be moot.

IT IS THEREFORE ORDERED that the clerk of the court shall unseal the financial affidavit (#4).

IT IS FURTHER ORDERED that plaintiff's application to proceed in forma pauperis is (#1) **GRANTED**. Plaintiff shall not be required to pre-pay the full filing fee of three hundred fifty dollars ($350.00).

IT IS FURTHER ORDERED that the clerk of the court shall file the complaint.

IT IS FURTHER ORDERED that this action is **DISMISSED** for failure to state a claim upon which relief can be granted. The clerk of the court shall enter judgment accordingly.

DATED:  August 24, 2010.

_____
ROGER L. HUNT
Chief United States District Judge